UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL PAUL REESMAN,<br><br>                    Petitioner,<br><br>        v.<br><br>MIKE OBENLAND,<br><br>                    Respondent. | No. C14-5271 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  September 18, 2015** |

Petitioner Joel Paul Reesman filed a 28 U.S.C. § 2254 petition challenging his 2008 convictions of unlawful possession of a firearm, possession of a machine gun or short barreled shotgun, and possession of methamphetamine.  Dkt. 35.  Respondent contends, and this Court's records confirm, that the petition is a second or successive petition which must be transferred to the Ninth Circuit.  Mr. Reesman responded with a motion for the court to transfer his petition to the ninth circuit (Dkt. 44), along with motions for evidentiary hearing, for order to show cause, and for leave to file a second habeas petition for filing in the Ninth Circuit.  *See* Dkts. 45, 46, and 47.

**DISCUSSION**

Mr. Reesman previously sought habeas relief in this Court as to his 2008 convictions.  *See Reesman v. Sinclair,* 10-5339 RBL-KLS.  In that petition, Mr. Reesman argued that there was insufficient evidence of a nexus between possession of a firearm and possession of methamphetamine, and trial court error in finding his Oregon conviction for second degree

REPORT AND RECOMMENDATION - 1

robbery comparable to a Washington conviction for second degree robbery.  Dkt. 1, pp. 5-6, Petition in Case No. 10-5339.  That petition was dismissed with prejudice, a certificate of appealability was denied, and no appeal was taken.  Dkt. 11 (Report and Recommendation), Dkt. 13 (Order Adopting Report and Recommendation), and Dkt. 14 (Judgment).

In his present petition, Mr. Reesman argues that his jury waiver was involuntary, he was mentally ill at the time of trial, ineffective assistance of counsel, newly discovered rebuttal witness, life sentence not supported by written findings of fact and conclusions of law, violation of his due process and equal protection rights, insufficient evidence of firearm charges and enhancement, and illegal search.  Dkt. 35, pp. 5-19.

Mr. Reesman's current petition appears to be a second or successive petition.  If a petition is second or successive, then petitioner must seek authorization from the Court of Appeals before filing the new petition with the district court.  28 U.S.C. § 2244 (b) (3) (A).  Ninth Circuit Rule 22-3 (a) provides guidance:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

Because this is Mr. Reesman's second petition contesting the same custody imposed by the same judgment of a state court, he was required to receive authorization from the Court of Appeals before filing his second challenge.  Because he has failed to do so, this Court is without jurisdiction to entertain it.  *Burton v. Stewart,* 549 U.S. 147, 152 (2007).

REPORT AND RECOMMENDATION - 2

## CONCLUSION

The Court recommends that this petition be referred to the Ninth Circuit (along with Mr. Reesman's motions (Dkts. 45, 46, and 47)), Mr. Reesman's motion to transfer (Dkt. 44) be **GRANTED,** and that the file be administratively closed without deciding whether the petition should be dismissed.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636 (b) (1) (C).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 18, 2015**, as noted in the caption.

**DATED** this 31st day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3